```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
                                                                    :
CAROLINA GUZMAN,                                                    :   20-CV-4545 (ARR)
                                                                    :
                    Plaintiff,                                      :   NOT FOR ELECTRONIC
                                                                    :   OR PRINT PUBLICATION
        -against-                                                   :
                                                                    :
I.C. SYSTEM, INC.,                                                  :   OPINION & ORDER
                                                                    :
                    Defendant.                                      :
                                                                    :
------------------------------------------------------------------- X
```

ROSS, United States District Judge:

Defendant, I.C. System, Inc., moves to dismiss this action for failure to state a claim under the Fair Debt Collection Practices Act ("FDCPA"). Def.'s Mot. Dismiss 5–8 ("Def.'s Mot."), ECF No. 13-1. Plaintiff, Carolina Guzman, opposes, arguing that she adequately pleaded that defendant used "false representation or deceptive means to collect or attempt to collect a[] debt or to obtain information concerning a consumer." Pl.'s Opp'n 3, 5–7, ECF No. 14 (quoting 15 U.S.C. § 1692e). For the following reasons, I grant defendant's motion and dismiss this case with prejudice.

## BACKGROUND

On or about January 20, 2020, plaintiff pulled her credit report with Experian. Compl. ¶ 10, ECF No. 1. The report listed a debt purportedly owed to Sprint. *Id.* ¶ 11. It also provided the "[a]ccount [n]ame" as "I.C. SYSTEM, INC." Report, Compl. Ex A. Under "[p]ayment [s]tatus," the report stated "[s]eriously past due date / assigned to attorney, collection agency, or credit grantor's internal collection department." *Id.* Under "[s]tatus [u]pdated," the report stated "Jun[e] 2019." *Id.*

Plaintiff filed this FDCPA action against defendant on September 24, 2020. Compl.

However, defendant asserts that plaintiff's counsel previously shared a draft complaint with defendant's counsel that alleged the same FDCPA violations but stated that plaintiff pulled her credit report on June 25, 2019. Def.'s Mot. 2.

Defendant moved to dismiss for failure to state a claim on January 5, 2021. Def.'s Mot. Plaintiff filed her opposition on January 15, 2021, Pl.'s Opp'n, and defendant filed its reply on January 20, 2021, Def.'s Reply, ECF No. 15.

## LEGAL STANDARD

In reviewing a complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), I must "constru[e] [it] liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Bacon v. Phelps*, 961 F.3d 533, 540 (2d Cir. 2020) (citation omitted). I may consider only those "facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." *Allen v. WestPoint-Pepperell, Inc.*, 945 F.2d 40, 44 (2d Cir. 1991). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation and quotation marks omitted). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

## DISCUSSION

Plaintiff alleges that defendant violated the FDCPA by reporting to Experian that her debt to Sprint was "[s]eriously past due date / assigned to attorney, collection agency, or credit grantor's internal collection department." Compl. ¶ 43; Report. Defendant argues this claim must be dismissed for two reasons: (1) the FDCPA's one-year statute of limitations bars plaintiff's claims

because plaintiff originally pulled her credit report in July 2019, more than a year before she filed her complaint, Def.'s Mot. 5–6; and (2) defendant's statement to Experian was not false or misleading because it only noted the possibility of legal action, *id.* at 7–8. I need not decide whether plaintiff's claims are time-barred because I find that they fail on the merits regardless.

The FDCPA prohibits debt collectors from using "false, deceptive, or misleading representation or means in connection with the collection of a[] debt." 15 U.S.C. § 1692e. Section 1692e(5) specifically forbids "threat[ening] to take any action that cannot legally be taken or that is not intended to be taken." *Id.* § 1692e(5). "[T]he question of whether a communication complies with the FDCPA is determined from the perspective of the 'least sophisticated consumer.'" *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 90 (2d Cir. 2008) (quoting *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993)).

"A communication from a debt collector may be a threat if the least sophisticated consumer 'would interpret th[e] language to mean that legal action was authorized, likely, and imminent.'" *Moukengeschaie v. Eltman, Eltman & Cooper, P.C.*, No. 14-CV-7539 (MKB), 2016 WL 1274541, at *5 (E.D.N.Y. Mar. 31, 2016) (quoting *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60, 62 (2d Cir. 1993)). "[A] collection letter that 'only advises a debtor that the collection agency has several options with which to pursue the debt' will generally be found insufficient to constitute a threat even in the eyes of the least sophisticated consumer." *Id.* (quoting *Larsen v. JBC Legal Grp., P.C.*, 533 F. Supp. 2d 290, 302 (E.D.N.Y. 2008)); *see also Nichols v. Frederick J. Hanna & Assocs., PC*, 760 F. Supp. 2d 275, 280 (N.D.N.Y. 2011); *Baptist v. Glob. Holding & Inv. Co.*, No. 04-CV-2365 (DGT), 2007 WL 1989450, at *3 (E.D.N.Y. July 9, 2007). Equivocal statements that a debt collector "may consider 'additional remedies'" or "'such action as necessary' . . . do not threaten imminent legal action," even after an account has been placed with an attorney. *Avila v.*

3

*Riexinger & Assocs., LLC*, No. 13-CV-4349 (RJD) (LB), 2015 WL 1731542, at *5 (E.D.N.Y. Apr. 14, 2015), *aff'd in part, vacated in part*, 644 F. App'x 19 (2d Cir. 2016) (summary order); *see also Sorel v. Capital One Servs., LLC*, No. 11-CV-703 (SRU), 2012 WL 3596487, at *6 (D. Conn. Aug. 20, 2012) ("[E]ven where communications specifically refer to legal action, a threat does not exist where the references are couched in terms of mere possibility."). Such communications have even less force when they do not come directly from an attorney. *See Gervais v. Riddle & Assocs., P.C.*, 479 F. Supp. 2d 270, 274 (D. Conn. 2007).

Here, while plaintiff's credit report stated that defendant has "assigned" plaintiff's debt, it listed several options for that assignment: an "attorney, collection agency, *or* credit grantor's internal collection department." Report (emphasis added). Additionally, this communication did not come from an attorney. Based on these facts, the least sophisticated consumer would not conclude that legal action is "authorized, likely, and imminent." *Bentley*, 6 F.3d at 62; *see Castro v. Green Tree Servicing LLC*, 959 F. Supp. 2d 698, 718 (S.D.N.Y. 2013) ("In light of the fact that the 90 Day Notice is *not* from an attorney, and merely indicates that litigation may be considered as an available option, the Court finds that the Notice does not threaten . . . legal action . . . ."). At most, the least sophisticated consumer might think an attorney is reviewing the debtor's account, which does not signal imminent legal action on its own. *Avila*, 2015 WL 1731542, at *5.

The cases plaintiff cites do not undermine this reasoning. In *Pipiles v. Credit Bureau of Lockport, Inc.*, the communication the Second Circuit found to violate § 1692e not only stated that the debt "Has Already Been Referred for Collection Action," but also threatened that the collection agency "Will At Any Time After 48 Hours Take Action As Necessary And Appropriate To Secure Payment In Full," and instructed the debtor to "Pay This Amount Now If Action Is To Be Stopped." 886 F.2d 22, 25 (2d Cir. 1989). Unlike the language at issue here, these statements set

an urgent timeline for collection action that "[w]ill" happen if the debtor did not pay in full. *Id.* Defendant merely reported that plaintiff's debt was "[s]eriously past due date" and had been "assigned" to one of three actors without threatening that those actors would do anything about it or setting a deadline for plaintiff to respond. *See* Report.

While the Second Circuit in *Gabriele v. Am. Home Mortg. Servicing, Inc.* noted that "vague" debt collection practices "create FDCPA liability," the court found that the challenged statements in that case, made by an attorney, were "mere technical falsehoods that misle[d] no one." 503 F. App'x 89, 95 (2d Cir. 2012) (summary order).

Finally, the communication at issue in *Moukengeschaie* stated that the debt collector had "been instructed to find any assets available to help us collect on the judgment," the debt had "already been 'referred' to a[] . . . department responsible for investigating assets," and "warn[ed] that the consumer c[ould] 'prevent further collection action and efforts by our office to locate your assets' by contacting" the debt collector. 2016 WL 1274541, at *7. This language implied that the account was "already in the hands of investigators" and that the debt collector had "the authority to move forward with the seizure of assets." *Id.* Plaintiff's credit report made no such insinuations. It stated that the debtor's account was in one of three actors' hands but did not describe any actions those individuals could take or suggest that they have the authority to take any action imminently. *See* Report. Thus, plaintiff's allegations fail to state a claim under the FDCPA as a matter of law.

## CONCLUSION

For the foregoing reasons, I grant defendant's motion and dismiss plaintiff's lawsuit with prejudice. The Clerk of Court is directed to issue judgment accordingly and close the case.

SO ORDERED.

          /s/
Allyne R. Ross
United States District Judge

Dated:      March 8, 2021
            Brooklyn, New York